NO. 07-05-0199-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 14, 2005



______________________________




LALENA RENEE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6707; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Lalena Renee Moore was convicted by a jury
of possession of a controlled substance. The trial court assessed punishment at one year
confinement in a state jail facility, suspended for two years, and a $1,000 fine, which was
not suspended. 

 The clerk's record was filed on August 2, 2005, and a supplemental clerk's record
containing the trial court's certification of defendant's right of appeal was filed on August
15, 2005. The court reporter was notified by letter dated July 19, 2005, that the deadline
for filing the reporter's record had lapsed. Two extensions of time in which to file the
reporter's record were granted due to appellant's failure to submit a written designation and
to make arrangements to pay for the record. Counsel for appellant, John Mann, was also
directed to certify compliance with Rules 34.6(b)(1) and 35.3(b) of the Texas Rules of
Appellate Procedure to this Court no later than August 30, 2005. Counsel failed to
respond, and the court reporter filed a third request for an extension of time. By letter
dated September 14, 2005, that request was rendered moot and, the deadline for filing
appellant's brief was set for October 13, 2005. Pursuant to Rule 37.3(c), counsel was
notified that only points or issues that do not require a reporter's record could be raised.

 Appellant did not file a brief and was notified by letter dated October 20, 2005, that
failure to do so or respond would result in the appeal being abated. See Tex. R. App. P.
38.8(b). Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings. Id. at (2) and (3). Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent and entitled to appointed counsel; and

 3. whether retained counsel has abandoned the appeal.

The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include appointment of counsel. If counsel is appointed, the
name, address, telephone number, and state bar number of said counsel shall be included
in the order appointing new counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental reporter's record of the hearing shall also be included in the
appellate record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Friday, December 16, 2005.

 It is so ordered.


 Per Curiam

 


Do not publish.



, Ltd. and is not
a party to the Nevada lawsuit.
4. Man Financial, Inc. argues it is in need of Artho's prior address because "it could
lead to the discovery of admissible evidence about who besides Artho, if anyone, was
involved in forming Man [Financial,] Ltd. and also to allow Man [Financial,] Inc. to identify
other persons who should be made party to an injunction forbidding use of the name 'Man
Financial.'"
5. Artho provided Man Financial, Inc.'s attorneys a series of documents. Man
Financial, Inc.'s attorneys submitted those documents to a fingerprint expert who noted
three different sets of fingerprints were present on the documents. Man Financial, Inc.
contends Artho's fingerprints "are relevant to the issue in controversy of which persons
were responsible for forming Man Financial, Ltd. Further, [Man Financial, Inc. argues] there
is a reasonable nexus between that issue and the fingerprint examination because the
fingerprint examination is uniquely suited to produce further useful information about who
may have been involved in forming Man [Financial] Ltd. and whether Artho really was the
prime mover behind its formation."